LEE LITIGATION GROUP, PLLC
C.K. Lee (CL 4086)
Anne Seelig (AS 3976)
148 West 24th Street, 8th Floor
New York, NY 10011
Tel.: 212-465-1188
Fax: 212-465-1181
*Attorneys for Plaintiff, FLSA Collective Plaintiffs
and the Class*

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| RAUL DE JESUS, *on behalf of himself, FLSA Collective Plaintiffs and the Class,* <br><br> Plaintiff, <br><br> v. <br><br> SPECTRUM RESTAURANT LLC, <br>     d/b/a MANHATTAN VALLEY <br> BHUPINDER KUMAR <br>             Defendants. | Case No: <br><br> **CLASS AND COLLECTIVE ACTION COMPLAINT** <br><br> Jury Trial Demanded |

Plaintiff RAUL DE JESUS, on behalf of himself and others similarly situated, by and through his undersigned attorneys, hereby files this Class and Collective Action Complaint against Defendants, SPECTRUM RESTAURANT LLC d/b/a MANHATTAN VALLEY ("Corporate Defendant"), and KUMAR BHUPINDER ("Individual Defendant," and collectively with the Corporate Defendant, "Defendants") and states as follows:

## INTRODUCTION

1.  Plaintiff alleges, pursuant to the Fair Labor Standards Act, as amended, 29 U.S.C. §§ 201 *et seq.* ("FLSA"), that him and others similarly situated are entitled to recover from Defendants: (1) unpaid wages due to off-the-clock work, (2) unpaid minimum wage due to invalid tip credit, (3) liquidated damages, and (4) attorneys' fees and costs.

2. Plaintiff further alleges, pursuant to the New York Labor Law ("NYLL"), that him and others similarly situated are entitled to recover from Defendants: (1) unpaid wages due to off-the clock work, (2) unpaid minimum wage due to invalid tip credit, (3) statutory penalties, (4) liquidated damages, and (5) attorneys' fees and costs.

## JURISDICTION AND VENUE

3. This Court has jurisdiction over this controversy pursuant to 29 U.S.C. § 216(b), 28 U.S.C. §§ 1331, 1337 and 1343, and has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

4. Venue is proper in the Southern District pursuant to 28 U.S.C. § 1391.

## PARTIES

5. Plaintiff RAUL DE JESUS is a resident of Bronx County of New York.

6. Corporate Defendant SPECTRUM RESTAURANT LLC d/b/a MANHATTAN VALLEY is a domestic limited liability company organized under the laws of the State of New York with a principal place of business and an address for service of process located at 187 Wolf Road, Suite 101, Albany, NY 12205 and with its restaurant's address located at 2636 Broadway, New York, NY 10025.

7. Individual Defendant BHUPINDER KUMAR is a principal of the Corporate Defendants. Defendant BHUPINDER KUMAR exercises operational control as it relates to all employees including Plaintiffs, FLSA Collective Plaintiffs and the Class. Defendant BHUPINDER KUMAR frequently visited all of the Restaurant locations. Defendant BHUPINDER KUMAR exercises the power to (and also delegates to managers and supervisors the power to) fire and hire employees, supervise and control employee work schedules and conditions of employment, and determine the rate and method of compensation of employees

including those of Plaintiffs, FLSA Collective Plaintiffs and the Class. At all times, employees could complain to Defendant BHUPINDER KUMAR directly regarding any of the terms of their employment, and Defendant BHUPINDER KUMAR had the authority to effect any changes to the quality and terms of employees' employment, including changing their schedule, compensation, or terminating or hiring such employees, and to reprimand any employees for performing their job duties improperly.

8. At all relevant times, the Corporate Defendants was and continues to be an "enterprise engaged in commerce" within the meaning of the FLSA, NYLL and regulations thereunder.

9. At all relevant times, the work performed by Plaintiff, FLSA Collective Plaintiffs and Class Members was directly essential to the business operated by Defendants.

.

## FLSA COLLECTIVE ACTION ALLEGATIONS

10. Plaintiff brings claims for relief as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all current and former non-exempt employees, including but not limited to delivery person, cooks, waiters, runners, bussers, food preparers, cashiers, counter persons, and cleaning persons employed by Defendants on or after the date that is six (6) years before the filing of the Complaint ("FLSA Collective Plaintiffs").

11. At all relevant times, Plaintiff and FLSA Collective Plaintiffs have been and are similarly situated, have had substantially similar job requirements and pay provisions, and have been and continue to be subjected to Defendants' decisions, policies, plans, programs, practices, procedures, protocols, routines, and rules—all of which have culminated in a willful failure and refusal to pay Plaintiff and FLSA Collective Plaintiffs for all hours worked, including those due

to off-the-clock work and an invalid tip credit. Plaintiff's claims stated herein are essentially the same as those of the other FLSA Collective Plaintiffs.

12. The claims for relief are properly brought under and maintained as an opt-in collective action pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b). The FLSA Collective Plaintiffs are readily ascertainable. For purposes of notice and other purposes related to this action, their names and addresses are readily available from the Defendants. Notice can be provided to FLSA Collective Plaintiffs via first class mail to the last address known to Defendants.

## **RULE 23 CLASS ALLEGATIONS – NEW YORK**

13. Plaintiff brings claims for relief pursuant to the Federal Rule of Civil Procedure ("F.R.C.P.") 23, on behalf of all current and former non-exempt employees, including but not limited to delivery person, cooks, waiters, runners, bussers, food preparers, cashiers, counter persons, and cleaning persons employed by Defendants on or after the date that is six (6) years before the filing of the Complaint (the "Class" or "Class Members").

14. The Class Members are readily ascertainable. The number and identity of the Class Members are determinable from the records of Defendants. The hours assigned and worked, the position held, and rates of pay for each Class Member may also be determinable from Defendants' records. For purposes of notice and other purposes related to this action, their names and addresses are readily available from Defendants. Notice can be provided by means permissible under F.R.C.P. 23.

15. The proposed Class is so numerous such that a joinder of all members is impracticable, and the disposition of their claims as a class will benefit the parties and the Court. Although the precise number of such persons is unknown because the facts on which the

calculation of that number rests are presently within the sole control of Defendants, there is no doubt that there are more than forty (40) members of the Class.

16. Plaintiff's claims are typical of those claims that could be alleged by any member of the Class, and the relief sought is typical of the relief that would be sought by each member of the Class in separate actions. All the Class members were subjected to the same corporate practices of Defendants, including (i) failing to pay wages due to off-the-clock work, (ii) failing to pay minimum wage due to invalid tip credit, (iii) failing to provide wage statements in compliance with the New York Labor Law, and (iv) failing to provide wage and hour notices upon hiring and as required thereafter, pursuant to the New York Labor Law. Defendants' corporate-wide policies and practices affected all Class members similarly, and Defendants benefited from the same type of unfair and/or wrongful acts as to each Class member. Plaintiff and other Class members sustained similar losses, injuries, and damages arising from the same unlawful policies, practices and procedures by Defendants.

17. With regard to Plaintiff and the Class, Defendants also failed to pay them the proper minimum wage because Defendants were not entitled to claim any tip credit because they failed to meet statutory requirements under the New York Labor Law. Plaintiff and the Class suffered from Defendants' failure to pay minimum wage due to Defendants' invalid tip credit allowance because Defendants (i) failed to properly provide tip credit notice at hiring and annually thereafter, (ii) claimed a tip credit in excess of the statutory amount permissible, (iii) claimed tip credit for all hours worked despite having caused tipped employees to engage in non-tipped duties for hours exceeding 20% of the total hours worked each workweek, (iv) failed to provide proper wage statements clearly indicating tip credit allowance for each payment period, and (v) failed to accurately keep track of daily tips earned and maintain records thereof.

18. Defendants' corporate-wide policies and practices affected all Class members similarly, and Defendants benefited from the same type of unfair and/or wrongful acts as to each Class member. Plaintiffs and other Class members sustained similar losses, injuries and damages arising from the same unlawful policies, practices and procedures.

19. Plaintiffs are able to fairly and adequately protect the interests of the Class and have no interests antagonistic to the Class. Plaintiffs are represented by attorneys who are experienced and competent in both class action litigation as well as employment litigation and have previously represented plaintiffs in wage and hour cases.

20. A class action is superior to other available methods for the fair and efficient adjudication of the controversy—particularly in the context of the wage and hour litigation where individual class members lack the financial resources to vigorously prosecute a lawsuit against corporate defendants. Class action treatment will permit a large number of similarly situated persons to prosecute common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expense that numerous individual actions engender. Because losses, injuries, and damages suffered by each of the individual Class Members are small in the sense pertinent to a class action analysis, the expenses and burden of individual litigation would make it extremely difficult or impossible for the individual Class Members to redress the wrongs done to them. On the other hand, important public interests will be served by addressing the matter as a class action. The adjudication of individual litigation claims would result in a great expenditure of Court and public resources; however, treating the claims as a class action would result in a significant saving of these costs. The prosecution of separate actions by individual members of the Class would create a risk of inconsistent and/or varying adjudications with respect to the individual members of the Class, establishing

incompatible standards of conduct for Defendants and resulting in the impairment of class members' rights and the disposition of their interests through actions to which they were not parties. The issues in this action can be decided by means of common, class-wide proof. In addition, if appropriate, the Court can, and is empowered to, fashion methods to efficiently manage this action as a class action.

21. Defendants and other employers throughout the state violate the New York Labor Law. Current employees are often afraid to assert their rights out of fear of direct or indirect retaliation. Former employees are fearful of bringing claims because doing so can harm their employment, future employment, and future efforts to secure employment. Class actions provide class members who are not named in the Complaint a degree of anonymity, which allows for the vindication of their rights while eliminating or reducing these risks.

22. There are questions of law and fact common to the Class which predominate over any questions affecting only individual class members, including:

    a) Whether Defendants employed Plaintiff and the Class members within the meaning of the New York law;

    b) What were and are the policies, practices, programs, procedures, protocols and plans of Defendants regarding the types of work and labor for which Defendants did not pay Plaintiff and the Class members properly;

    c) At what common rate, or rates subject to common methods of calculation, was and are Defendants required to pay Plaintiff and the Class members for their work;

    d) Whether Defendants properly notified Plaintiff and the Class members of their hourly rate;

e) Whether Defendants provided to Plaintiff and the Class members proper wage and hour notices at date of hiring, as required under the New York Labor Law;

f) Whether Defendants properly provided notice to all tipped employees that Defendants were taking a tip credit;

g) Whether Defendants accurately tracked the amount of tips earned each day and maintained records thereof;

h) Whether Defendants caused Plaintiff to engage in non-tipped duties exceeding 20% of each workweek;

i) Whether Defendants took the proper amount of tip credit allowance for each payment period under the New York Labor Law; and

j) Whether Defendants provided proper wage statements informing (i) Plaintiff of the amount of tip credit taken for each payment period, and (ii) all non-exempt employees of information required to be provided on wage statements under the New York Labor Law.

## STATEMENT OF FACTS

23. On or around August 17, 2020, Plaintiff RAUL DE JESUS was hired by Defendants to work as a delivery person for Defendants' Manhattan Valley located at 2636 Broadway, New York, NY 10025. Plaintiff's employment with Defendants terminated on or around October 18, 2020.

24. Throughout his employment with Defendants, Plaintiff usually worked five (5) days per week, from 5:30 p.m. to 10:00 p.m. for four (4) hours and thirty (30) minutes each day for a total of twenty-two (22) hours and thirty (30) minutes each week. In addition, for three

weeks during Plaintiff's employment, he was scheduled to work six (6) days per week, from 5:30 a.m. to 10:00 p.m. for a total of twenty-seven (27) hours each week. Plaintiff RAUL DE JESUS was paid at a base hourly rate of $10.00 per hour. During Plaintiff's employment with Defendants, FLSA Collective Plaintiffs and Class members worked similar hours and pay rates.

25.    Throughout Plaintiff's employment with Defendants, he performed substantial off-the-clock works prior and after his scheduled hours. Specifically, Plaintiff was required by Defendants to come in fifteen (15) minutes before his scheduled shift, and to make about 1-3 deliveries at the end of his shift after he clocked-out. It would take Plaintiff about forty (40) minutes to one (1) hour to deliver these orders. Therefore, Plaintiff RAUL DE JESUS engaged in off-the-clock works about one (1) hour and fifteen (15) minutes per workday. Class members were similarly engaged in off-the clock works without being paid.

26.    Plaintiff and Class members were paid below the minimum wage at an invalid "tip credit" minimum wage. With respect to Plaintiff and Class members, Defendants were not entitled to claim any tip credit allowance under the NYLL because Defendants (i) failed to properly provide tip credit notice; (ii) failed to inform them that the tip credit claimed by Defendants cannot exceed the amount of tips actually received by them; (iii) failed to inform that all tips received by them are to be retained by them except pursuant to a valid tip pooling arrangement; (iv) failed to inform that tip credit will not apply unless they have been informed of the foregoing tip credit notice requirement; (v) claimed tip credit for all hours worked despite having caused tipped employees to engage in non-tipped duties for hours exceeding 20% of the total hours worked each workweek; (vi) claimed a tip credit in excess of the statutory amount permissible; (vii) failed to accurately track daily tips earned or maintain records thereof; (viii) failed to properly provide tip credit notice at hiring and annually thereafter; and (ix) failed to

9

provide a proper wage statement with every payment of wages informing tipped employees of the amount of tip credit deducted for each payment period, in violation of the New York Labor Law.

27. Plaintiff and Class members were required to engage more than 20% of their working time in non-tipped related activities, including, but not limited to, packing up orders, accepting and uploading incoming deliveries into basement, preparing sauces, arranging furniture, washing dishes, and cleaning the restaurant. Even though Defendants required tipped employees to engage in non-tipped activities for hours exceeding 20% of the total hours worked each workweek, Defendants improperly claimed tip credit for all hours worked by tipped employees.

28. Defendants never provided Plaintiff with wage notices, as required by the NYLL. Similarly, FLSA Collective Plaintiff and Class Members were never provided with any wage notices.

29. Defendants did not provide Plaintiff with proper wage statements at all relevant times. Similarly, the Class members also did not receive proper wage statements, in violation of the NYLL.

30. At no time during the relevant time periods did Defendants provide Plaintiff or the Class members with wage notices or proper wage statements as required by NYLL.

31. In or around November 2020, Plaintiff retained Lee Litigation Group, PLLC to represent Plaintiff, FLSA Collective Plaintiffs, and Class members, in this litigation and has agreed to pay the firm a reasonable fee for its services.

## STATEMENT OF CLAIM

## COUNT I

## VIOLATION OF THE FAIR LABOR STANDARDS ACT

## ON BEHALF OF PLAINTIFF AND FLSA COLLECTIVE PLAINTIFFS

32.     Plaintiff reallege and reaver Paragraphs 1 through 31 of this class and collective action Complaint as if fully set forth herein.

33.     At all relevant times, Defendants were and continue to be employers engaged in interstate commerce and/or the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a). Further, Plaintiff and FLSA Collective Plaintiffs are covered individuals within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

34.     At all relevant times, Defendants employed Plaintiff and FLSA Collective Plaintiffs within the meaning of the FLSA.

35.     At all relevant times, each Corporate Defendant had gross annual revenues in excess of $500,000.00.

36.     At all relevant times, Defendants had a policy and practice of failing to pay wages for all hours worked.

37.     Records, if any exist, concerning the number of hours worked by Plaintiff and FLSA Collective Plaintiffs and the actual compensation paid to Plaintiff and FLSA Collective Plaintiffs are in the possession and custody of the Defendants. Plaintiff intend to obtain these records by appropriate discovery proceedings to be taken promptly in this case and, if necessary, Plaintiff will then seek leave of Court to amend this Complaint to set forth the precise amount due.

38. Defendants failed to properly disclose or apprise Plaintiff and FLSA Collective Plaintiffs of their rights under the FLSA.

39. As a direct and proximate result of Defendants' willful disregard of the FLSA, Plaintiff and FLSA Collective Plaintiffs are entitled to liquidated (*i.e.*, double) damages pursuant to the FLSA.

40. Due to the intentional, willful, and unlawful acts of Defendants, Plaintiff and FLSA Collective Plaintiffs suffered damages in an amount not presently ascertainable of unpaid wages, and an equal amount as liquidated damages.

41. Plaintiff and FLSA Collective Plaintiffs are entitled to an award of their reasonable attorneys' fees and costs pursuant to the FLSA.

## COUNT II

## VIOLATION OF THE NEW YORK LABOR LAW

## ON BEHALF OF PLAINTIFF AND CLASS MEMBERS

42. Plaintiff realleges and reavers Paragraphs 1 through 41 of this class and collective action Complaint as if fully set forth herein.

43. At all relevant times, Plaintiff and the Class members were employed by the Defendants within the meaning of the New York Labor Law §§ 2 and 651.

44. At all relevant times, Defendants willfully violated Plaintiff's and Class member's rights by failing to pay them the statutory minimum wage for their lawful hours worked. Defendants were not entitled to claim any tip credits.

45. At all relevant times, Defendants had a policy and practice of refusing to pay Plaintiff and the Class Members for all hours worked, due to off-the-clock work.

46. Defendants failed to properly notify employees of their hou, in direct violation of

the New York Labor Law.

47. Defendants failed to provide a proper wage and hour notice, on the date of hiring and annually, to all non-exempt employees, in direct violation of the New York Labor Law.

48. Defendants failed to provide proper wage statements with every payment issued to Plaintiff and the Class members, as required by New York Labor Law § 195(3).

49. Due to Defendants' New York Labor Law violations, Plaintiff and the Class members are entitled to recover from Defendants their unpaid wages due to off-the clock work, unpaid minimum wages due to invalid tip credit, , damages for unreasonably delayed payments, reasonable attorneys' fees, liquidated damages, statutory penalties, and costs and disbursements of this action.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff RAUL DE JESUS, on behalf of himself, FLSA Collective Plaintiffs, and Class Members, respectfully requests that this Court grant the following relief:

    a. A declaratory judgment that the practices complained of herein are unlawful under the FLSA and NYLL;

    b. An injunction against Defendants and their officers, agents, successors, employees, representatives and any and all persons acting in concert with them as provided by law, from engaging in each of the unlawful practices, policies, and patterns set forth herein;

    c. An award of unpaid wages due under the FLSA and NYLL, including those due to off-the-clock work and invalid tip credit;

    d. An award of statutory penalties as a result of Defendants' failure to comply with wage notice and wage statement requirements under the NYLL;

    e. An award of pre-judgment and post-judgment interest, costs, and expenses of this action, together with reasonable attorneys' and expert fees;

    f. Designation of Plaintiff RAUL DE JESUS as Representative of the FLSA Collective Plaintiffs;

    g. Designation of this action as a class action pursuant to F.R.C.P. 23;

    h. Designation of Plaintiff as Representative of the Class; and

    i. Such other and further relief as this Court deems just and proper.

## JURY DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands trial by jury on all issues so triable as of right by jury.

Dated: April 13, 2021

Respectfully submitted,

LEE LITIGATION GROUP, PLLC

By: */s/ C.K. Lee*

C.K. Lee (CL 4086)
Anne Seelig (AS 3976)
148 West 24th Street, 8th Floor
New York, NY 10011
Tel.: 212-465-1188
Fax: 212-465-1181
*Attorneys for Plaintiff, FLSA Collective Plaintiffs and the Class*